## SUPREME COURT.

### Jewett and wife agt. Jewett.

In an action commenced before a justice of the peace where the answer of the defendant interposes a plea of title, by which the justice is ousted of jurisdiction, and an action, for the same cause, is commenced in this court, the action must be governed by the rules of pleading and practice by which other actions are conducted in this court, except where the statute has provided otherwise.

And the only statutory regulation restricting the parties in their pleadings is that contained in § 60 of the Code, which requires the plaintiff to complain for the same cause of action only, on which he relied before the justice and that the answer of the defendant be the same he made before the justice.

Therefore where the answer contains allegations of new matter a *reply* is necessary in this court, as in other actions. And so too, if it is proper that the notice authorized by § 64, be given in the answer, because this notice is contained in and made part of the answer. (*The decision in McNamara agt. Bitely*, 4 How. 44, *holding that a reply is necessarily dispensed with in such cases, overruled.*)

Jewett and wife agt. Jewett.

*General Term, Nov.* 1850—GRIDLEY, ALLEN and HUBBARD, *Justices.* This is an action for breaking and entering the close of the plaintiffs and tearing away and demolishing a mill dam there erected, and obstructing a water course or ditch, &c.

The defendant denied the allegations of the complaint, and by his answer alleged that at the time when, &c. he was seized in fee simple of a certain piece of land described by metes and bounds, &c., and stating facts to justify the entry under his title to remove obstructions, &c.

To this answer there was no reply. The plaintiffs had commenced an action before a justice of the peace for the same injury, and the defendant had in that court set up title and gave the undertaking required by law and the action was discontinued and this action brought. The cause came on to be tried at the circuit court in Jefferson county in April 1850, and at the close of the evidence for the plaintiffs the defendant asked the court to nonsuit the plaintiffs or direct a verdict for the defendant on the ground that there being no reply to the answer the defence was admitted, and that such defence was a justification and entitled the defendant to a verdict. The court refused to comply with the request and decided that no reply was necessary in a suit originating in a justice's court, and that defendant was bound to prove the new matter set up in his answer; to which decision the defendant excepted, and after evidence was given for the defendant a verdict was rendered against him, upon which judgment was perfected, from which the defendant has appealed.

J. MULLEN, *for Defendant.*

J. CLARKE, *for Plaintiffs.*

By the court, ALLEN, Justice.—Although several other questions are presented by the record in this action, the only one which I propose to consider is that arising upon the ruling of the court that no reply was necessary to an action commenced as this was, in a justice's court, and discontinued upon the putting in of an answer by the defendant showing that title to real property would come in question, and complying with the requirements of the Code.

Jewett and wife agt. Jewett.

Under the practice prior to the Code, there appears to be no doubt that in a case like this, where the defendant had interposed his defence of title in himself, or third persons, by plea before a justice, the plaintiff would necessarily reply to such plea upon its being interposed in the action which might be brought in a court of record (per NELSON, J., Tuthill vs. Clark, 11 *Wend. R.* 645; Dorman vs. Lang, 3 *How. Pr. R.* 59; McNamara vs. Bitely, 4 *id.* 44, per WILLARD, J.) The same practice was held to be regular and necessary under the Code of 1848 (Royce vs. Brown, 3 *How. Pr. R.* 391). The provisions of the two Codes for the discontinuance of an action pending before a justice of the peace upon the interposition of an answer showing that the title to real property will come in question and for the commencement of an action for the same cause in this court and regulating the pleadings and proceedings in this court are the same, and couched in the same language (*Code of* 1848, § 48–54; *Code of* 1849, § 55–61). Both are substantially a reenactment of the provisions of the Revised Statutes upon the same subject, with a mere change of language to make it conformable to the new system (2 *R. S.* 236, § 59–65).

The complaint in this court must be for the same cause of action on which the plaintiffs relied before the justice and the answer of the defendant the same. The provision of the Revised Statutes was the same, substituting declaration and plea, or plea and notice, for complaint and answer. Under both systems the pleadings in the court of record were required to be substantially, if not literally, the same as in the justice's court, so far as they had progressed in that court. In no event can a reply be put in before the justice, and could not have been irrespective of the provisions of the Code of 1849, dispensing with that pleading in all cases in that court. The answer setting up title with a compliance by the defendant with the requirements of the statute, ousts the justice of jurisdiction, and the issue if incomplete can not be completed in that court. The suit before the justice is discontinued; that action is ended. The action in the Supreme Court is a new action for the same cause, and is not a continu-

Jewett and wife agt. Jewett·

ation of the action before the justice (People vs. Judges of Yates Co. 3 *How. Pr. R.* 174; Hyland vs. Loomis, *id.* 223; *Code,* § 57). Upon the *discontinuance* of the action, the plaintiff may prosecute an action for the same cause, not the same action, in the Supreme Court (§ 60). The suit in the Supreme Court is commenced by summons and complaint as other actions in that court are commenced (§ 56). The legislature have not provided for a transfer of the action from the justice's court to the Supreme Court and a continuance of the same action in the latter court as has been done in Massachusetts (10 *Pick.* 504). The action in the Supreme Court must necessarily be governed by the rules of pleading and practice by which other actions brought in that court are conducted, except where the statute has provided otherwise. The declaration of the plaintiff under the Revised Statutes and the complaint under the Code, might be verbal before the justice, but in the County Court under the former system, and in this court under the present, they are necessarily in writing. Each court being governed in this respect, as well as in other respects, by its peculiar practice and forms of pleading and procedure. The only statutory regulation restricting the parties in their pleadings is that contained in § 60 of the Code, which requires the plaintiff to complain for the same cause of action only on which he relied before the justice, and that the answer of the defendant be the same which he made before the justice. With the exception created by this provision the pleadings are to be according to the practice of this court. The Code no where provides that the trial in the Supreme Court shall be upon the same pleadings which were interposed before the justice, and no other, as in the case of an appeal or removal of a cause before trial. The sufficiency and form of the pleadings must be tested and governed by the same rules by which those in other actions in this court are tested and governed. It is said that the change in the law regulating the pleadings in justices courts, by limiting the pleadings in that court to a complaint and answer, had necessarily dispensed with a reply; and a distinguished judge in another district, whose opinions are entitled to great respect, so held in McNamara vs. Bitely, *supra.*

Jewett and wife agt. Jewett.

I am constrained to believe that the change in the law in the respect mentioned, has not affected and was not designed to affect the proceedings subsequent to the answer in this court. 1. The provision of section 55, in relation to the answer before the justice showing that title will come in queston, is the same that it was in the Code of 1848, when pleadings in justice's court were the same as in this court, and there is no change in the phraseology to show the intent of the legislature to vary the form of the answer in this case. 2. Pleadings in justices' courts in ordinary cases, answers as well as complaints, may be oral or in writing, at the option of the parties ( *Code,* § 64); but in this case the answer must be in writing, countersigned by the justice (§ 55). 3. The reasons for dispensing with the formal pleadings in a court of a justice of the peace, and which led to a change of the provisions of the Code upon that subject, do not apply to this case. There is certainly no reason why the pleadings in this action in this court should not be the same as in other actions, and unless the words of the statute call for such construction we should not hold the law to be so changed as to authorize different forms of pleading in the same court, in different actions, without some apparent reason. I think the answer required by section 55, is in form the answer required by the Code of 1848, in all courts, and by the Code of 1849 in this court, and not the general issue and notice of special matter authorized by sub. 4 of § 64 of the latter Code. There was great propriety in allowing this general pleading in causes in which the issue was to be joined and tried in a justice's court; but I am unable to discover any reason for the application of the same rule to actions to be tried in this court; and as I do not think the words of the statute call for such application, I must hold that it is inapplicable. But lastly, if under section 55 the defendant may put in an answer and notice, or answer containing a notice, as authorized by § 64, I am still of the opinion that in this court a reply to any new matter contained in the answer is necessary. A reply is dispensed with in a justice's court for obvious reasons, if the cause progresses to a trial in that court; but the pleadings in this court

Jewett and wife agt. Jewett.

are regulated by the Code, title 6, part 2; and if an answer is in the form of a notice before the justice and must necessarily be in the same form in this court, still any allegation of new matter, not controverted, must be taken as true. No particular form of an answer is required by the Code in any action brought in this court, and an allegation is equally an allegation whether in the form of a notice that such is the fact, or a positive affirmation of its existence, and the whole whether notice or positive allegation is a part of the answer. The Code says that every allegation of new matter in the answer not specifically controverted by the reply as prescribed in § 153, shall, for the purposes of the action, be taken as true. The notice authorized by § 64 is not annexed to the answer but is contained in it. In other words it is a somewhat less formal allegation of the same facts, and no demurrer is allowed or reply required to it in a justice's court. It is not like a notice annexed to a plea under the former practice, which was allowed in all courts, and to which no replication was necessary in any court. It was not, in fact, a pleading in the cause, and it does not follow because no replication was necessary or could be put in to a notice in a case like this under the old system, that no reply is necessary to a notice of facts. set up in an answer under the present system. There was then no provision like that in § 168 of the Code, which applied to the allegations in the notice. The justice erred in holding that the defendant was bound to prove the allegations of new matter in his answer to which there was no reply, and for that reason judgment must be reversed and a new trial granted; costs to abide event.